1  Michael M. Wintringer, Esq., Bar No. 150637
   SOLOMON, GRINDLE, SILVERMAN & SPINELLA
2  A Professional Corporation
   12555 High Bluff Drive, Suite 260
3  San Diego, California 92130
   Telephone: (858) 793-8500
4

5  Attorneys for Secured Creditor/Defendant
   PSB LENDING CORPORATION
6

7

8                UNITED STATES BANKRUPTCY COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| In Re: | Case No. 99-36848-PB |
| SIEGLINDE M. ZIMMER | Adv. No. 00-90254-PB |
| Debtor, | Chapter 13 |
| S.S.N. 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 | **NOTICE OF MOTION AND MOTION TO DISMISS DEBTOR'S FIRST AMENDED COMPLAINT <u>WITHOUT LEAVE TO AMEND</u>; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| SIEGLINDE M. ZIMMER, | |
| Plaintiff, | [FRBP RULE 7012(b)(6)] |
| vs. | |
| PSB LENDING CORPORATION, | HEARING:<br>Date: November 20, 2000<br>Time: 10:00 a.m.<br>Dept: 4<br>Hon. Peter W. Bowie |
| Defendant | |

TO: **DEBTOR/PLAINTIFF SIEGLINDE M. ZIMMER AND HER COUNSEL OF RECORD:**

I.  <u>**NOTICE OF MOTION**</u>

**NOTICE IS HEREBY GIVEN** that on November 20, 2000, at 10:00 a.m. in Department 4 of the above-entitled Court, located at 325 West "F" Street, San Diego, California

92101, a hearing will be held on the Motion of Secured Creditor/Defendant, PSB LENDING CORPORATION ("PSB"), to Dismiss <u>Without Leave to Amend</u> the First Amended Complaint ("Amended Complaint") filed by Debtor/Plaintiff SIEGLINDE M. ZIMMER ("Debtor") against PSB in the above-entitled Chapter 13 case.

PSB's Motion is based on this Notice, Motion, and Memorandum of Points and Authorities filed in support thereof, the pleadings and records on file in the above-entitled action, matters of which the Court may take judicial notice, and such other and further evidence as may be presented at the time of the hearing.

Any Opposition or other response to PSB's Motion must be served upon the undersigned and the original and one copy of such papers with proof of service must be filed with Clerk of the U.S. Bankruptcy Court at the above-referenced address NOT LATER THAN SEVENTEEN (17) DAYS FROM THE DATE OF SERVICE.

## II. MOTION

PSB's Motion is filed in response to the [verified] Amended Complaint filed by Debtor against PSB on or about August 30, 2000. In the Amended Complaint, Debtor alleges various claims against PSB which generally fall within two separate categories: (1) the First, Second and Third causes of action seeking avoidance of PSB's second priority deed of trust against Debtor's residence pursuant to 11 U.S.C. §§506(a), 506(d) and 1322(b)(2); and (2) the Fourth, Fifth, Sixth and Seventh causes of action seek damages and other relief based on alleged violations of federal law and other fraudulent conduct at the time Debtor initially obtained the loan now held by PSB.

As indicated in Debtor's Amended Complaint, PSB currently holds a second priority deed of trust in the principal amount of $37,065.65 against Debtor's principal residence located at 16605 Orilla Drive, San Diego, California 92128 (the "Property"). The Property is also encumbered by a first priority deed of trust in the amount of $123,000.00. According to Debtor's Bankruptcy Schedules and the Amended Complaint, the Property's value is $110,000.00.

Although PSB [again] disputes the factual allegations regarding value set forth in Debtor's Amended Complaint, PSB also submits that for purposes of this Motion, even if the facts alleged in such Complaint are true, Debtor's Amended Complaint against PSB should be

dismissed <u>without leave to amend</u> because Debtor has [again] failed to state a claim upon which relief can be granted as to the First, Second and Third claims for relief set forth in Debtor's Amended Complaint. See <u>FRBP Rule 7012(b)(6)</u>; <u>In re Enriquez</u>, 244 B.R. 156 (Bankr. S.D. Cal. 2000); and <u>"Order Dismissing Debtor's Adversary Complaint against Defendant PSB Lending Corporation"</u>, entered in the above-entitled action on August 14, 2000. Notably, Debtor's entire Complaint is premised upon the permissibility of "lien stripping" pursuant to the 9th Circuit Bankruptcy Appellate Panel's ruling in <u>In re Lam</u>, 211 B.R. 36 (9th Cir. B.A.P. 1997). However, in both <u>Enriquez</u> and at the July 31st hearing on PSB's Motion to Dismiss Debtor's [initial] Complaint in this case, this Court specifically held that the BAP's ruling in <u>Lam</u> was not persuasive and, as a matter of law, contrary to Bankruptcy Code §1322(b)(2) and the United States Supreme Court's ruling in <u>Nobelman v. American Savings Bank</u>, 508 U.S. 324 (1993). Accordingly, even if the factual allegations in Debtor's Amended Complaint are accepted as true, pursuant to the points and authorities set forth below, Debtor is not entitled to the relief sought (i.e. the "strip-off" of PSB's consensual lien against Debtor's residence) in her First, Second and Third causes of action.

With respect to the Fourth, Fifth, Sixth and Seventh claims for relief in Debtor's Amended Complaint, although not previously alleged in Debtor's initial Complaint against PSB, such claims should nevertheless be dismissed <u>without leave to amend</u> because they too fail to state a claim upon which relief can be granted. See <u>FRBP Rule 7012(b)(6)</u>; <u>15 U.S.C. §§1601, et. seq.</u>; <u>FRBP Rule 7009(b)</u>; and <u>Copesky v. Superior Court</u> (1991) 229 Cal. App. 3rd 678. Specifically, Debtor alleges that PSB made fraudulent representations to Debtor in connection with the procurement of her loan, which representations allegedly violated the Federal Truth in Lending statutes. However, as Debtor's own Amended Complaint admits, the initial lender under the subject loan was "Summit Mortgage Corporation". Therefore, any claim Debtor may have for alleged violations of any lending laws is not against PSB. See <u>15 U.S.C. §1602(f)</u> (disclosure requirements of Act apply only to creditor to whom the debt is initially payable); and <u>Waters v. Weyerhaeuser Mortgage Corp.</u> 582 F.2d 503 (9th Cir. 1978) (disclosure required by the Act must be made before consummation of the transaction). Since PSB clearly did not make this

3

loan, Debtor's claims against PSB pursuant to the Federal Truth in Lending laws must fail as a matter of law.

Similarly, Debtor's general tort allegations against PSB for fraud and negligence fail to state a claim upon which relief can be granted. In particular, Debtor's fraud allegations fail to satisfy the requirement of Bankruptcy Rule 7009 that the circumstances constituting such fraud be pled with sufficient particularity. Debtor's Amended Complaint contains no such detail. Moreover, even if Debtor otherwise properly pled her fraud allegations, it is now well settled in California that no legal duty exists between a lender and a borrower to give rise to a claim for tort damages. See <u>Copesky</u>, supra.

Based on the forgoing, as well as the Memorandum of Points and Authorities set forth below, PSB submits that its within Motion to Dismiss Debtor's Amended Complaint should be granted in its entirety, and such Complaint should be dismissed <u>without leave to amend</u>.

### III.  **MEMORANDUM OF POINTS AND AUTHORITIES**

#### Issue To Be Determined

1.    Does Debtor's Amended Complaint against PSB state a claim upon which relief can be granted, as required by FRBP Rule 7012(b)(6)?

a.    **AUTHORITY FOR PSB'S MOTION TO DISMISS**

As noted above, PSB's Motion to Dismiss is made pursuant to FRBP Rule 7012(b)(6). Rule 12(b) of the Federal Rules of Civil Procedure, made applicable to this proceeding by FRBP Rule 7012, provides in relevant part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counter-claim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . . . If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

Clearly, statutory authority exits for PSB's filing of the within Motion to Dismiss Debtor's Amended Complaint. It should also be noted that FRBP Rule 7012(b) supplements

4

Rule 12(b) of the FRCP by requiring that a motion to dismiss filed under Rule 12(b) admit or deny an allegation in the complaint that the adversary proceeding is core or non-core and, if non-core, whether such party consents to the bankruptcy court's entry of final orders and judgements in the matter. To this end, PSB admits that the first three causes of action in Debtor's Amended Complaint against PSB (to avoid its allegedly unsecured lien) are core. Furthermore, while PSB does not believe, nor admit, that the Fourth, Fifth, Sixth or Seventh causes of action in Debtor's Amended Complaint (seeking tort damages and other relief for fraud and negligence) are core, PSB nevertheless consents to this Court's entry of final orders and judgments in this matter.

b.  **DEBTOR'S AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST PSB UPON WHICH RELIEF CAN BE GRANTED.**

1.  **This Court Has Already Held that Lien Stripping is Not Permissible In This Case.**

The First, Second and Third causes of action in Debtor's Amended Complaint against PSB [again] seek to avoid PSB's lien against Debtor's Property pursuant to Bankruptcy Code §§ 506(a), 506(d) and 1322(b)(2). However, as noted above, at the hearing on PSB's Motion to Dismiss Debtor's initial Complaint on July 31st, this Court specifically found that "lien stripping" was not permissible as a matter of law under the circumstances of this case.[1]

A cursory review of the first three causes of action in Debtor's Amended Complaint reveals that they are _identical_ in every respect with those in Debtor's initial Complaint which was previously dismissed by the Court. As a result, rather than reiterate its entire opposition to Debtor's "lien stripping" claims, PSB refers the Court to, and requests that judicial notice be taken of, the points and authorities set forth in its Motion to Dismiss Debtor's initial Complaint filed on June 16, 2000.

///

///

---

[1] Quite frankly, PSB was surprised that Debtor realleged "lien stripping" claims in her Amended Complaint. Based on the Court's previous ruling on this issue (not to mention Debtor's pending appeal of the same, Notice of which was filed on August 24, 2000), it was PSB's understanding that the Amended Complaint would be limited to the [new] allegations set forth in Debtor's Fourth, Fifth, Sixth and Seventh causes of action.

5

Based on the foregoing, PSB [again] requests that the Court grant its Motion to Dismiss the First, Second and Third causes of action in Debtor's Amended Complaint without leave to amend.

2. **The Fourth, Fifth and Sixth Causes of Action in Debtor's Amended Complaint Fail to State a Claim Upon Which Relief Can Be Granted.**

Although difficult to follow, the Fourth, Fifth and Sixth claims for relief in Debtor's Amended Complaint appear to be seeking unspecified damages or other relief based upon PSB's alleged fraud, negligent misrepresentation, suppression of fact and/or violations of the Federal Truth in Lending statutes. As set forth below, each of these causes of action fail to state a claim upon which relief can be granted and should be dismissed without leave to amend pursuant to FRBP Rule 7012(b)(6).

First, to the extent Debtor is alleging that PSB has violated the Truth in Lending Act, as noted above, such a claim is unfounded based upon Debtor's own admissions in the Amended Complaint. Specifically, Debtor has failed to allege that PSB was the "creditor" to whom the underlying debt was "initially payable" as required by the Act. Instead, Debtor [accurately] alleges that the initial lender under Debtor's loan was "Summit Mortgage Corporation".

Pursuant to 15 U.S.C. §1602(f), if PSB is not the person to whom the debt is initially payable, then PSB is not subject to the Act. Furthermore, the Act provides that the required disclosures are to be made prior to consummation of the loan transaction. See Waters, supra; and In re Ramsey, 176 B.R. 183 (9th Cir. BAP 1994) (execution of the loan document is the usual date the transaction is deemed "consummated"). Since PSB was not the "initial lender", it follows that PSB was incapable of violating the Truth in Lending Act since PSB could not have even entered into any contractual relationship, let alone even communicated, with Debtor until after the loan had been "consummated". For these reasons alone, the Fourth, Fifth and Sixth causes of action in Debtor's Amended Complaint should be dismissed without leave to amend.

Next, to the extent Debtor's Fourth, Fifth and/or Sixth claim(s) for relief seek general tort damages for fraud or intentional misrepresentation, such claims should also be dismissed. Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, made applicable to this proceeding

by FRBP Rule 7009(b), in any averment of fraud "the circumstances constituting fraud **shall** be stated with particularity". (emphasis added.) To this end, it is well settled that the "failure to specify what was said, who said it, where and when statements were made, and why statements were fraudulent **justified dismissal** of state common law fraud claim" See Moore's Federal Rules Pamphlet, @ §9.4[1], citing Olsen v. Pratt & Whitney Aircraft, 136 F.3d 273, 275-276 (2nd Cir. 1998)(emphasis added).

    In this case, Debtor's Amended Complaint is completely devoid of any specificity concerning the allegedly fraudulent statements made by PSB and/or its personnel. There is nothing which would enable PSB to know or otherwise determine "who" allegedly made such misleading statements, "when" such statements were made, "where" such statements were made, or, for that matter, whether the alleged statements were made orally or in writing (in which case copies of such statements should have been attached to Debtor's [verified] Amended Complaint). Furthermore, the fraudulent representations allegedly made by PSB would appear to be directly contradicted by the admissions in Debtor's own Amended Complaint (i.e. that the loan was made by Summit Mortgage Corporation, not PSB). Without the requisite specificity, Debtor's Amended Complaint against PSB for fraud must be dismissed without leave to amend.

    Lastly, to the extent Debtor's Amended Complaint seeks damages or other relief against PSB based upon general state law theories of negligence and/or suppression of fact, PSB submits that such claims also fail to state any cause of action upon which relief can be granted. Notably, in California it is a well settled point of law that a lender/borrower relationship – as existed between Debtor and PSB in this case – does not create a legal duty on the part of the bank which gives rise to tort damages. See Copesky, supra; Price v. Wells Fargo (1989) 213 Cal.App. 3d 465; and Mitsui Manufacturers Bank v. Superior Court (1989) 212 Cal.App. 3d 726. Because it is a fundamental axiom that a tort, whether intentional or negligent, must involve the violation of a legal duty imposed by statute, contract or otherwise, owed by the defendant to the person injured, without such a duty, any injury is "damnum absque injuria" – injury without wrong. Roach v. Hostetter, (1941) 48 Cal.App. 2d 375, 379. During the time period alleged in Debtor's Amended Complaint, PSB was under no legal duty to Debtor to give rise to a claim for fraud,

7

negligent misrepresentation or suppression of fact. Accordingly, all such claims must fail and should be dismissed as a matter of law.

Based on the foregoing, Debtor's Fourth, Fifth and Sixth claims for relief against PSB fail to state a cause of action upon which relief can be granted and should be dismissed without leave to amend.

### 3. The Seventh Cause of Action in Debtor's Amended Complaint Fails to State a Claim Upon Which Relief Can Be Granted.

Debtor's Seventh claim for relief seeks cancellation of PSB's underlying loan documents, presumably pursuant to state law. To this end, pursuant to California Civil Code § 3412, et., in order to judicially cancel written instruments there must be at a minimum a "reasonable apprehension" that if left outstanding such document(s) may cause serious injury to a person against whom they are otherwise void or voidable.

Although vague, Debtor's Seventh claim for relief seems to suggest that if the Court finds PSB's loan is "void or voidable" for any one of the reasons articulated in the first six causes of action in Debtor's Amended Complaint, then there would be a basis for seeking cancellation of such documents. However, as shown above, the problem with this reasoning is that each and all of the allegations in Debtor's first six causes of action fail as a matter of law. This Court has previously ruled against Debtor on the "lien stripping" issues raised in the first three causes of action, thus there is no basis to now request that the Court find PSB's loan to be "void" pursuant to Bankruptcy Code § 506(d). Furthermore, the allegations in Debtor's Fourth, Fifth and Sixth do not give rise to any viable claim for violation of the Federal Truth in Lending Act or general state law tort damages. In fact, no where in the Amended Complaint does Debtor even allege that PSB's loan is "void or voidable" by virtue of its alleged violation of the Act or state law.

As with the first six causes of action in the Amended Complaint, Debtor's Seventh claim for relief fails to state a claim upon which relief can be granted and should be dismissed without leave to amend.

///

///

8

## IV. CONCLUSION

**WHEREFORE**, PSB respectfully requests that this Court grant its within Motion to Dismiss the Amended Complaint filed by Debtor against PSB, and prays for Judgment against Debtor as follows:

1. For dismissal of Debtor's Amended Complaint without leave to amend;
2. For attorneys' fees and costs incurred by PSB in connection with this Motion; and
3. For such other and further relief as this Court may deem just and proper.

Dated: October 5, 2000

SOLOMON, GRINDLE, SILVERMAN
& SPINELLA, a Professional Corporation

By: /s/ Michael M. Wintringer
Michael M. Wintringer, Esq.
Attorneys for Secured Creditor/Defendant
PSB LENDING CORPORATION

9

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 12555 High Bluff Drive, Suite 260, San Diego, CA 92130.

On October 6, 2000, I served the foregoing document(s): **NOTICE OF MOTION AND MOTION TO DISMISS DEBTOR'S FIRST AMENDED COMPLAINT <u>WITHOUT LEAVE TO AMEND</u>; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**Attorney for Debtor/Plaintiff**
Steven R. Houbeck, Esq.
P.O. Box 150
Cardiff, CA 92007

**Chapter 13 Trustee**
David L. Skelton
1111 6th Avenue, Suite 413
San Diego, CA 92101-5215

/X/ (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Diego, California. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the U. S. Postal Service pursuant to which practice the correspondence will be deposited with the U. S. Postal Service this same day in the ordinary course of business.

/X/ (Federal) I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 6, 2000, at San Diego, California.

_____
Missy Kres